UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
EMIGRANT MORTGAGE CO., INC.  )
     Plaintiff               )
                             )
                             )
     v.                      )
                             )  C.A. No. 16-11136-MLW
LINDA PINTI and LESLEY       )
PHILLIPS,                    )
     Defendants.             )
                             )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                    September 13, 2019

Plaintiff-mortgagee Emigrant Mortgage Co., Inc. ("Emigrant") brought this action concerning a Cambridge, Massachusetts apartment (the "Property") occupied by defendant-mortgagors Linda Pinti and Lesley Phillips. Emigrant sought declaratory judgments: (1) striking an October 2012 discharge of a mortgage on the Property; and (2) finding that it foreclosed on the Property by entry from 2012 to 2015.

On January 11, 2019, following a two-day bench trial, the court dismissed this case for lack of standing. It found that Emigrant assigned the mortgage note to ESB-MH Holdings, LLC ("ESB-MH") in November 2009 and, therefore, Emigrant did not have authority to discharge the mortgage in 2012 or to foreclose on the Property in 2015. See Dkt. No. 110.

More specifically, Massachusetts law requires that in order to foreclose on a mortgage by entry, an entity must have been the mortgagee at the time of entry. See id. at 13:20-24 (citing Bank of N.Y. v. Bailey, 951 N.E.2d 331, 334 n.10 (Mass. 2011); U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 49 n.15 (Mass. 2011)). In 2012, the Massachusetts Supreme Judicial Court construed the term "mortgagee" to mean "the person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder." Id. at 12-13 (emphasis added) (quoting Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1121 (Mass. 2012)). Here, the court concluded that the term "mortgagee" had the same meaning with regard to foreclosure by entry. Id. at 13. Emigrant did not before or at trial argue that Massachusetts law is different with regard to a request to strike the discharge of a mortgage. Therefore, because Emigrant had transferred the mortgage note to ESB-MH, the court found that it lacked standing concerning both its foreclosure by entry and discharge claims.

Emigrant now moves, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), for reconsideration of the order of dismissal as to Count I, which sought declaratory relief striking the discharge of mortgage. See Dkt. No. 115.

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 59(e) does not describe the specific

2

requirements for allowing such a motion. However, the First Circuit has held that a Rule 59(e) motion may be granted based on "a manifest error or law or fact." DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001) (quoting Aybar v. Crispin Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). Courts may exercise considerable discretion when deciding a Rule 59(e) motion. See Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004). However, "[t]he rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to . . . advance arguments that could and should have been presented to the district court prior to judgment." DiMarco-Zappa, 238 F.3d at 34 (quoting Aybar, 118 F.3d at 16).

Rule 60(b) also gives the court the discretion to revise a final judgement when the party satisfies one of several grounds for relief. It provides, in pertinent part, that the court may allow a motion for reconsideration when: (1) the moving party presents newly discovered evidence that is material to the court's decision; (2) there has been an intervening change in the law; or (3) the earlier decision was based on a manifest error of law or was clearly unjust. See United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). As with Rule 59(e), parties may not use Rule 60(b) as a vehicle for making arguments they could have made earlier. See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

In its Motion to Reconsider, Emigrant argues that it has standing to seek a declaratory judgment striking the discharge of the mortgage notwithstanding the fact that it assigned the mortgage note in 2009 to ESB-MH. See Dkt. No. 116. More specifically, Emigrant argues that it is the "real party in interest" under a subservicing agreement that authorizes Emigrant to commence proceedings on behalf of ESB-MH, and requires Emigrant to indemnify ESB-MH for certain losses. Emigrant asserts it has standing pursuant to Mass. Gen. Laws ch. 183, §§54C and 55, which provide that a mortgage servicer may take certain, defined actions to correct a defect in a discharge of a mortgage. However, the statutes do not expressly authorize a mortgage servicer to prosecute an equitable action to strike a discharge. Emigrant also argues that the injuries it has suffered as a result of the allegedly mistaken discharge provide it standing to seek to strike the discharge. See id. at 7-13.

As indicated earlier, Emigrant did not raise these arguments at trial and does not contend that it raised them before trial. Nor does Emigrant offer any explanation of why it did not or could not have raised them prior to filing the instant Motion for Reconsideration.

The extensive pretrial briefing and arguments led the court to understand that if Emigrant lacked standing to prosecute its claims concerning foreclosure, it also lacked standing to seek

relief from the allegedly mistaken discharge of the mortgage. At the outset of the trial, the court expressed this understanding, and thus provided Emigrant an opportunity to address it. See Jan. 9, 2019 Tr. at 6-7 (Dkt. No. 112). More specifically, the court stated that "[i]f I find that Emigrant has not proven it was the holder of the note, then everything else becomes moot . . . ." Id. at 7:19-21. Counsel for Emigrant did not dispute this statement. Later, the court stated that "[i]f [Emigrant does not] have standing, then there's no reason to have more evidence on the discharge of the mortgage. So I want to confine the record at the moment to issues that are relevant to standing." Id. at 106:3-6. Counsel for Emigrant did not then mention the subservicing agreement on which Emigrant's Motion to Reconsider relies. Instead, he responded, "Very good, Your honor." Id. at 106:7.

After the court orally explained its decision that Emigrant lacked standing, counsel for Emigrant did reference the subservicing agreement, but did not mention the discharge of the mortgage. See Jan. 11, 2019 Tr. at 20:22-24 (Dkt. No. 110). The court responded, "I may not have addressed it directly, but I don't believe that the subservicing agreement provided the authority for [Emigrant] to act for the mortgagee--well, I don't think the subservicing agreement alters the analysis here." Id. at 20-21. Counsel for Emigrant again did not mention the discharge of the

5

mortgage, but rather only requested the return of the promissory note. See id. at 21:9-10.

The court finds, therefore, that Emigrant's failure to make the argument on which its Motion for Reconsideration relies was inexcusable. The argument could and should have been presented to the court prior to judgment. See DiMarco-Zappa, 238 F.3d at 34.

Moreover, the court is not persuaded that it has made a "manifest error of law" in finding that Emigrant lacks standing. As indicated earlier, Mass. Gen. Laws ch. 183, §§54C and 55 describe certain actions that a mortgage servicer is authorized to take concerning the discharge of a mortgage that do not include prosecuting a case in equity to strike a discharge. Emigrant has not cited any case holding that a subservicer of a loan is a proper party in a case seeking to strike the discharge of a mortgage. This case contrasts, for example, with Aldephia Agios Demetrios, LLC v. Arista Development, LLC, No. 12-10486-RWS, 2013 WL 1622675 (D. Mass. Apr. 16, 2013). There, the court granted a motion to reconsider based on a manifest error of law because:

> The dismissal of Adelphia's chapter 93A claim against Botsivales rested on the mistaken conclusion that Botsivales could not be held personally liable under chapter 93A for actions that he took solely as an agent for Arista. But as Adelphia now points out, Massachusetts law squarely holds that "corporate officers may be held liable under c.93A for their personal participation in conduct invoking its sanctions." Cmty. Builders v. Indian Motocycle Assocs., 44 Mass. App. Ct. 537, 692 N.E.2d 964, 979 (Mass. App. Ct. 1998); see also Alves v. Daly, Civil Action No. 12-

6

10935-MLW, 2013 WL 1330010, at *7-8 (D. Mass. Mar.29, 2013).

2013 WL 1622675 at *1.

Nor is it unjust to require that a new case be filed by the party or parties with standing to contest the discharge of the mortgage. It is likely that another case will be filed by the noteholder to foreclose. It appears that the noteholder--or if Emigrant has standing, the noteholder and Emigrant--could in that case, or another, again seek to strike the allegedly mistaken discharge of the mortgage. The filing of at least one more case may be inefficient. However, as the court concluded on January 11, 2019, Emigrant and ESB-MH "are in the mortgage loan business and should be able to comply with Massachusetts law. To the extent that they are being deprived payments reasonably expected . . . they're suffering an injury inflicted by their own failure to satisfy the requirements of Massachusetts law." Jan. 11, 2019 Tr. at 20:7-12 (Dkt. No. 110).

In view of the foregoing, Emigrant's Motion for Reconsideration (Dkt. No. 115) is hereby DENIED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE